**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **SIMEON ALLEN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Civil Action No.** 4:22-cv-100 |
| | § | |
| **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,** | § | |
| | § | |
| | § | |
| **Defendant.** | | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26 (f)**

Pursuant to FEDERAL RULES OF CIVIL PROCEDURE and this Court's Order for Conference and Disclosure of Interested Parties, SIMEON ALLEN ("Plaintiff") and Defendant The Lincoln National Life Insurance Company ("Defendant") provide the following:

**1. State where and when the parties' meeting required by Rule 26(f) was held, and identify the counsel who attended for each party and any unrepresented parties who attended.**

Counsel attended the Rule 26(f) meeting on Tuesday March 8, 2022. Britney McDonald attended on behalf of Plaintiff and Iwana Rademaekers attended on behalf of Defendant.

**2. List the cases related to this one that are pending in any state or federal court, identifying the case number and court and briefly describing the status or result.**

None.

**3. Briefly describe what this case is about.**

Plaintiff's claims arise under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Sec. 1001, et seq. Plaintiff seeks long-term disability ("LTD") benefits under a group benefits program in which Plaintiff was a participant as a result of his employment with Acero Junction Inc., d/b/a JSW Steel USA Ohio, Inc. Plaintiff asserts that Defendant wrongfully denied Plaintiff's Short and Long Term Disability benefits owed to him per the STD/LTD policies. Defendant, as the claims administrator

for the STD/LTD Policies, denied Plaintiff's claims for STD/LTD benefits under the terms of the Policies.

**4. Specify the allegation of federal jurisdiction, identifying any parties who disagree and the reasons.**

This Court has jurisdiction of this matter pursuant to 29 U.S.C. §1132(c) in that Plaintiff's claims arise under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Sec. 1001, et seq. as Plaintiff seeks benefits under an ERISA employee welfare benefit plan. No parties disagree.

**5. Name the parties who disagree and the reasons.**

None.

**6. List anticipated additional parties that should be included, when they can be added, and which party wants to add them.**

The parties do not anticipate additional parties at this time.

**7. List anticipated interventions.**

None.

**8. Describe any class-action or collective-action issues.**

None.

**9. State when the parties will make the initial disclosures required by Rule 26(a) and describe any issues or disputes relating to those disclosures.**

**Plaintiff:** This is an action for review on the administrative record, which is exempt from initial disclosures under Fed. R. Civ. P. 26(a)(1)(B)(i).

**Defendant:** This is an action for review on the administrative record, which is exempt from initial disclosures under Fed. R. Civ. P. 26(a)(1)(B)(i). The complete administrative record is being produced.

**10. Describe the proposed discovery, including identifying any disputes that have arisen. The matters that must be addressed in this Plan are listed below. The parties should include others that merit the court's early attention as well.**

**A. Responses to the matters covered in Rule 26(f).**

**Plaintiff:** Plaintiff contends Benefit denials governed under ERISA are generally reviewed by the courts under a *de novo* standard of review. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989). In order for the Plan Administrator's decisions to be reviewed by this Court under an "arbitrary and capricious" standard and not

a *de novo* standard, the Plan must properly give the Plan Administrator "discretion" to make said decisions within the plain language in the Plan. Plaintiff contends that the Plan fails to give the Defendant said discretion as said discretionary language is prohibited under Section 1701.062(a) of the Texas Insurance Code and 28 TAC §§3.1201 - 3.1203 (2013), as well as upheld in *Ariana M. v. Humana Health Plan of Texas, Inc*., No. 16-20174 (5th Cir. 2018). Therefore, this Court should review this matter under a *de novo* standard of review.

In Texas, for disability insurance policies, certificates or riders offered, issued, renewed or delivered on or after February 1, 2011 said "discretionary clauses" are prohibited under 28 TAC §§3.1201- 3.1203 (2013). Therefore, Plaintiff seeks discovery on any and all materials that would provide information on renewal dates, rate increases, modifications, or amendments to Plaintiff's policy. Further, the Supreme Court recognized in *Metropolitan Life Insurance Co. v. Glenn* that when "a plan administrator both evaluates claims for benefits and pays benefits claims," it creates a structural conflict of interest. 554 U.S. 105, 128 S. Ct. 2348, 171 L. Ed. 2d 299 (2008).

It is Plaintiff's contention that discovery is permissible on "the existence and extent of a conflict of interest created by a plan administrator's dual role in making benefits determinations and funding the plan." Additionally, discovery is permissible regarding the "completeness of the administrative record [and] whether the plan administrator complied with ERISA's procedural regulations." *Crosby v. Louisiana Health Service*, 2011 U.S. App. Lexis 14739, (5th Cir. La., 2011). In using the words "existence and extent of a conflict of interest" plaintiff contends that the individual conflict of interest of the administrator's employees, agents and consultants are discoverable as well.

Further, regardless of Defendant's claim for discretionary authority, when a Defendant violates the Department of Labor regulations, Defendant effectively forfeits its discretionary authority. When denying a claim for benefits, a plan's failure to comply with the Department of Labor's claims-procedure regulation, 29 C.F.R. § 2560.503–1, will result in that claim being reviewed de novo in federal court, unless the plan has otherwise established procedures in full conformity with the regulation and can show that its failure to comply with the claims-procedure regulation in the processing of a particular claim was inadvertent *and* harmless. *Halo v. Yale Health Plan, Dir. Of Benefits & Records Yale Univ*., 819 F. 3d 42 (2nd Cir. 2016). See also *Fessenden v. Reliance Standard Life Ins. Co*., 927 F.3d 998, 1001-02 (7th Cir. 2019) and *Slane v. Reliance Stand. Life Ins. Co*., CV 20-3250, 2021 WL 1401761 (E.D. La. Apr. 14, 2021).

Defendant committed the following violations demonstrating its failure furnish a full and provide review:

i. Inadequate notice of reasons for denial. 29 C.F.R. § 2560.503-1(g)(1)(i);
ii. Inadequate notice of the information needed to perfect Plaintiff's

appeal. 29 C.F.R. § 2560.503-1(g)(1)(iii);

iii. Failure to follow Defendant's own claims procedures 29 C.F.R. § 2560.503-1(b);

iv. Failure to adopt guidelines to ensure that similarly situated claims and administered correctly and consistently. 29 C.F.R. § 2560.503-1(b)(5);

v. Failure to administrative Plaintiff's claim consistently 29 C.F.R. § 2560.503-1(b)(5);

vi. Failure to provide requested relevant documents timely. 29 C.F.R. § 2560.503-1(h)(2)(iii);

vii. Failure to describe the guidelines and protocols relied upon. 29 2560.503-1(g)(1)(v) and 29 C.F.R. § 2560.503-1(j)(5);

viii. Failure to obtain the review of appropriate medical professional. 29 C.F.R. § 2560.503-1(h)(3)(iii);

ix. Failure to obtain an appeal review of a different non-subordinate medical professional. 29 C.F.R. § 2560.503-1(h)(3)(v);

x. Failure to obtain an appeal review that does not defer to the prior determination. 29 C.F.R. § 2560.503-1(h)(3)(iii);

xi. Failure to obtain an appeal review that is conducted by a different non-subordinate individual. 29 C.F.R. § 2560.503-1(h)(3)(iii);

xii. Failure to give a claimant an opportunity to review and refute the report of a reviewing physician obtained during the appeal review. 29 C.F.R. § 2560.503-1(h)(4);

xiii. Failure to take into account all comments, documents, records, and information submitted to the claimant or by the claimant relating to the claim. 29 C.F.R. § 2560.503-1(h)(2)(iv).

Defendant's violations of the regulations were not inadvertent or harmless. Plaintiff contends that because Defendant failed to furnish a full and fair review, Defendant has relinquished its discretionary authority under the Plan. Further, Defendant has a fiduciary obligation to administer the Plan fairly and to furnish disability benefits according to the terms of the Plan.

Plaintiff seeks discovery on any and all materials that would provide information on renewal dates, rate increases, modifications, or amendments to Plaintiff's policy. Further, the Supreme Court recognized in *Metropolitan Life Insurance Co. v. Glenn* that when "a plan administrator both evaluates claims for benefits and pays benefits claims," it creates a structural conflict of interest. 554 U.S. 105, 128 S. Ct. 2348, 171 L. Ed. 2d 299 (2008).

It is Plaintiff's contention that discovery is permissible on "the existence and extent of a conflict of interest created by a plan administrator's dual role in making benefits determinations and funding the plan." Additionally, discovery is permissible regarding the "completeness of the administrative record [and] whether the plan administrator complied with ERISA's procedural regulations." *Crosby v. Louisiana Health Service*, 2011 U.S. App. Lexis 14739, (5th Cir. La., 2011). In using the

words "existence and extent of a conflict of interest" plaintiff contends that the individual conflict of interest of the administrator's employees, agents and consultants are discoverable as well.

Specifically, Plaintiff seeks discovery on evidence of complex medical questions, the credibility of medical experts, plan interpretation questions, impartiality of administrator, procedural violations, and where there is little or no evidentiary record. This may include compensation incentives, failure to consider all evidence, including subjective complaints, SSDI awards, worker compensation awards, etc., goals or stated expectations of claim denial rates, use of bias outside vendors (medical reviewers), independence of those reviewers, and whether review of Plaintiff's benefit claim was full, fair, and impartial. Further, Plaintiff seeks discovery on whether communications with the claimant and third party reviewers was transparent, whether Defendant conducted peer to peer consultations to ensure claimant's physicians were given opportunity to provide input to decision, the size of the pool of independent reviewers, compensation of reviewers tending to show financial dependence, and evidence of the Defendant conducting annual internal audits of its reviewers evaluating whether the reviewers are meeting the expectations set forth by the administrators.

**Defendant:**

Plaintiff relies on the recent U.S. Supreme Court decision in Metropolitan Life Ins. Co. v. Glenn, 554 U.S. 105, 128 S.Ct. 2343 (2008) to support the contention that a larger scope of discovery now applies to ERISA administrative review cases.

It is correct that Glenn states that, "when judges review the lawfulness of benefit denials, they will often take account of several different considerations of which a conflict of interest is one." Glenn, 128 S.Ct. at 2351. However, such consideration is already part of the review under the abuse of discretion standard that is mandated by the Fifth Circuit in Vega. As recognized in a post-Glenn decision, the Fifth Circuit has indicated that the Supreme Court's treatment of the conflict analysis in Glenn is "closely aligned" with the "sliding scale" approach that the Fifth Circuit required before Glenn. Dunn v. GE Group Life Assurance Co., 2008 WL 3842929 at n.2. (5th Cir. August 18, 2008). See also, Holland v. International Paper Co., Retirement Plan, 576 F.3d 240, 248 (5th Cir. 2009) ("much of our 'sliding scale' precedent is compatible with the Supreme Court's newly clarified "factor" methodology, and Glenn does not supersede that precedent to the extent it reflects the use of a conflict as a factor that would alter the relative weight of other factors"). Accordingly, the cases in which the Court had considered such issues before Glenn was decided continue to offer substantial guidance after Glenn.

Moreover, Glenn's "tiebreaker" language raises a significant question whether information or documents concerning conflict are relevant in a case such as this one in which the administrative record clearly supports Liberty's decision on Plaintiff's claim. In Glenn, the Supreme Court has stated that several different factors,

including the existence and extent of conflict, must be considered in reaching results in these cases, but that "any one factor will act as a tiebreaker when the other factors are closely balanced, the degree of closeness necessary depending upon the tiebreaking factor's inherent or case-specific importance." Glenn, 128 S.Ct. at 2351. The Fifth Circuit has interpreted that language to find that when strong evidence supporting the administrator's decision exists, the conflict issue is not a factor for consideration. Dutka v. AIG Life Ins. Co., 2009 WL 1800139 at n. 6 (5th Cir. June 24, 2009) ("in light of the evidence supporting the plan administrator's decision, the conflict of interest is not a 'tiebreaking' factor."); Sanders v. UNUM Life Ins. Co. of Amer., 2008 WL 5391909 (5th Cir. Dec. 29, 2008); Carter v. Nationwide Mutual Ins. Co., 2009 WL 2029896 (5th Cir. July 10, 2009) (use of conflict as "tiebreaker" determined to be unnecessary).

That discovery in these cases must be limited is especially true when considering, as the Supreme Court recently commented on again after its holding in Glenn, that by enacting ERISA, Congress intended "to create a system that is [not] so complex that administrative costs, or litigation expenses, unduly discourage employers from offering [ERISA] plans in the first place." Conkright v. Frommert, --- U.S. ----, 130 S.Ct. 1640, 1646 (2010), *citing* Varity Corp. v. Howe, 516 U.S. 489, 497, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996). Permitting discovery of the type and extent of that propounded by Plaintiff here clearly frustrates the Congressional intent of efficiency in the administration of claims under ERISA.

In sum, there is no language in Glenn or Crosby that suggests that the scope of discovery into conflict issues has been broadened beyond what was already permitted in the Fifth Circuit under Vega. Moreover, that Glenn did not change the ERISA discovery/evidence landscape in this regard has been recognized by District Courts in the 1st, 2nd, and 8th Circuits. Dubois v. UNUM Life Ins. Co., No. CIV. 08-163-P-S, 2008 WL 2783283, at 3 (D.C. Me. July 14, 2008); Florczyk v. Metropolitan Life Ins. Co., No. 5:06-CV-0309, 2008 WL 3876096 (N.D. N.Y. July 11, 2008); Singleton v. Hartford Life & Accident Ins. Co., No. 4:08-CV-00361-WRW, 2008 WL 3978680 (E.D. Ark. July 29, 2008).

Subject to the above contentions, the parties do not anticipate the need for any special discovery arrangements modifying the local rules or the Federal Rules of Civil Procedure. Subject to Defendant's objection to discovery in this matter, the parties would agree to the following discovery plan:

**B. When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiff will send interrogatories by May 20, 2022. Plaintiff will be in a position to name these individuals after reviewing the Administrative Record.

**C. When and to whom the defendant anticipates it may send interrogatories.**

No discovery should be permitted in this ERISA benefits case because the Court's review is limited to the Administrative Record. Fifth Circuit law "permits departure from this rule only in very limited circumstances," which do not apply here.

**D. Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiff does not anticipate taking oral depositions.

**E. Of whom and by when the defendant anticipates taking oral depositions.**

No discovery should be permitted in this ERISA benefits case because the Court's review is limited to the Administrative Record. Fifth Circuit law "permits departure from this rule only in very limited circumstances," which do not apply here.

**F. Whether the plaintiff (or the party with the burden of proof on an issue) needs to designate expert witnesses under Rule 702, 703, or 705 of the FEDERAL RULES OF EVIDENCE. If so, state when the party will be able to designate the experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

The only experts relate to attorney's fees and the parties agree to submit any fee issues to the Court to decide after the underlying case is decided.

**G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.**

None.

**H. List expert depositions the opposing party anticipates taking and their anticipated completion date.**

None.

**11. If the parties are not agreed on all or part of the discovery plan, describe the separate views and proposals of each party.**

**Plaintiff:** Discovery is allowed under the de novo standard of review, as described in Plaintiff's contentions in answer "9" above.

**Defendant:** No discovery should be permitted in this ERISA benefits case because the Court's review is limited to the Administrative Record.

**12. Specify the discovery beyond initial disclosures that has been done to date.**

None. Defendant is producing the Administrative Record.

**13. State the date the planned discovery can reasonably be completed.**

**Plaintiff:** Discovery can reasonably be completed by September 16, 2022.

**Defendant:** No discovery should be permitted in this ERISA benefits case because the Court's review is limited to the Administrative Record.

**14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties discussed resolving this matter if possible following Plaintiff's review of the Administrative Record through informal settlement negotiations.

**15. Describe what each party has done or agreed to do to bring about a prompt resolution.**

**Plaintiff:** Plaintiff's counsel has sent a confidential settlement demand letter and case valuation to Defendant's counsel dated February 18, 2022.

**16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

Mediation is a suitable alternative if the parties are unable to resolve this matter between themselves. The parties have agreed to mediate by September 28, 2022.

**17. Magistrate judges may now hear jury and nonjury trials. State the parties' joint position on a trial before a magistrate judge.**

The parties do not agree to proceed before a magistrate judge.

**18. State whether a jury demand has been made and if it was made on time.**

No jury trial is permitted in an ERISA matter.

**19. Specify the number of hours it will take to present the evidence in this case.**

**Plaintiff:** Should the case commence to trial, the parties should be a maximum of 2 days to present the evidence in this case.

**Defendant:** The case will be determined by cross motions for judgment on the administrative record. No trial is appropriate.

**20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

None.

**21. List other pending motions.**

None.

**22. List issues or matters, including discovery, to be addressed at the conference.**

None.

**23. Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.**

Plaintiff filed her certificate of interested parties on January 11, 2022

Defendant filed its certificate of interested parties on February 11, 2022.

**24. List the names, bar numbers, addresses, telephone numbers, and e-mails of all counsel and unrepresented parties.**

**Plaintiff's Counsel:**

MARC WHITEHEAD & ASSOCIATES, LLP

Britney McDonald
Texas State Bar No. 24083158
Fed ID No. 2621983
403 Heights Blvd.
Houston, Texas 77007
713.228.8888 Phone
713.225.0940 Fax
britney@marcwhitehead.com

**Defendant's Counsel:**

LAW OFFICES OF IWANA RADEMAEKERS, P.C.

Iwana Rademaekers, Attorney in Charge
State Bar of Texas No. 16452560
S.D. of Texas No. 22781
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

/s/ *Britney McDonald*
**Counsel for Plaintiff**

March 11, 2022
Date

*/s/ Iwana Rademaekers*
**Counsel for Defendant**

March 11, 2022
Date